IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ROBERT MORTENSEN and            *
LINDA MORTENSEN,
                                *
     Plaintiffs,
                                *
vs.                                    CASE NO. 3:10-CV-13 (CDL)
                                *
BANK OF AMERICA, N.A.,
                                *
     Defendants.
                                *

O R D E R

This action arises from Bank of America, N.A.'s ("BOA")
foreclosure of Plaintiffs Robert and Linda Mortensen's ("the
Mortensens") property located in Greene County, Georgia ("the
Property"). The Mortensens asserted Georgia state law claims, a
claim under the Fair Credit Reporting Act, and a Florida state
law claim based on their default on the mortgage to the Property
held by BOA and the resulting foreclosure. Now pending before
the Court is Defendants Bank of America, N.A. and Bank of
America, Trustee's Motion for Summary Judgment (ECF No. 45).[1]

---

[1] Out of an abundance of caution, Defendant BOA listed as Defendant and
party to its Motion for Summary Judgment "Bank of America, Trustee."
Plaintiffs named Bank of America, Trustee, which is an unknown party,
as a defendant in their original Complaint. Plaintiffs, however,
appear to have dropped any claims against this entity. *See* Am.
Compl., ECF No. 42.   In their most recent Amended Complaint,
Plaintiffs assert no claims and make no allegations against Bank of
America, Trustee. *Id.* The Court, therefore, deems any claims against
Defendant Bank of America, Trustee abandoned. Further, because

Also pending before the Court are Plaintiffs' Motion to Allow Late Response and Filing of Requests for Admissions (ECF No. 50) and Defendant Bank of America's Motion to Quash Subpoena to Testify at Deposition and Motion for Protective Order (ECF No. 67). For the following reasons, the Court grants BOA's Motion for Summary Judgment as to all claims. The Court did not rely on Defendant's requests for admission which it seeks to have deemed admitted for Plaintiffs' failure to respond, and thus Plaintiffs' motion to allow late responses is moot. Defendant's motion to quash is also moot in light of this Order.

### SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual

---

Plaintiffs never identified Defendants John Does 1 to 10, the Court also deems any claims against those defendants abandoned. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) ("As a general matter, fictitious-party pleading is not permitted in federal court.").

dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

FACTUAL BACKGROUND

In accordance with Local Rule 56, BOA filed a statement of material facts to which it contends there is no genuine dispute. Defs.' Mot. for Summ. J. [hereinafter BOA's MSJ] Attach 2, Defs.' Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried, ECF No. 45-2 [hereinafter BOA's SMF]. In compliance with Local Rule 56, each fact statement is supported by a specific citation to the record.  *See* M.D. Ga. R. 56.  Local Rule 56 also required the Mortensens to file their own separate statement of material facts and respond to BOA's statement of material facts.  *Id.*  The Mortensens, who are represented by counsel, did not file a statement of material facts or respond to BOA's statement of material facts. Accordingly, BOA's statement of undisputed material facts is deemed admitted under Local Rule 56.  The Court has reviewed BOA's citations to "determine if there is, indeed, no genuine issue of material fact." *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (internal quotation marks omitted).  Based on the Court's review of BOA's statement of material facts and

record citations, the material undisputed facts, viewed in the light most favorable to the Mortensens, are as follows.[2]

The Mortensens are licensed real estate agents who operate their own real estate companies. R. Mortensen Dep. 18:1-19:21, ECF No. 49 [hereinafter Mortensen Dep.]. The Mortensens' company, the Mortensen Team, handles the purchase and sale of commercial and residential properties, including short sales. *Id.* at 32:11-19.

The Mortensens obtained real property located in Greensboro, Greene County, Georgia ("the Property") for value by warranty deed on February 16, 2007. BOA's SMF Ex. A, Warranty Deed, ECF No. 45-3. The warranty deed was filed and recorded on March 1, 2007, in Deed Book 875, pages 116-17, Green County Records, Georgia. BOA loaned the Mortensens $417,000.00 to purchase the Property ("the mortgage").[3] Mortensen Dep. 33:18-34:8; *id.* Ex. 3, Security Deed, ECF No. 49-4 at 11 of 29 [hereinafter Sec. Deed]. To secure the loan, Plaintiffs executed and delivered a security deed ("the security deed") to

---

[2] Linda Mortensen attended Robert Mortensen's deposition, and she agreed with his testimony. L. Mortensen Dep. 5:7-22, ECF No. 48.

[3] The Mortensens obtained a second loan in the form of a line of credit on the Property in the amount of $66,750.00 from BOA on February 16, 2007, and BOA secured payment of the loan by executing a security deed the same day. Mortensen Dep. 33:25-34:4, 71:16-18; BOA's SMF Ex. C, Security Deed, ECF No. 45-5. This security deed was recorded on March 1, 2007 in Deed Book 875, pages 137-48, Green County Records, Georgia. On April 20, 2009 BOA assigned this security deed to United Guaranty Residential Insurance Company of North Carolina. BOA's SMF Ex. D, Assignment of Security Deed, ECF No. 45-6.

the Property in favor of BOA on February 16, 2007.  *Id.* at
33:18-24; Sec. Deed.  The security deed lists the Mortensens as
"Borrower" and Bank of America, N.A. as "Lender."  Sec. Deed at
11 of 29.  The security deed was filed and recorded on March 1,
2007 in Deed Book 875, pages 118-36, Green County Records,
Georgia.  *Id.*  BOA never assigned the loan or security deed.
BOA's SMF Ex. E, Howe Aff. ¶ 3, ECF No. 45-7.

The security deed and promissory note required the
Mortensens to pay both principal and interest on the loan
secured by the Property.  Mortensen Dep. 65:23-66:6; Sec. Deed
at 12 of 19.  The Mortensens understood that the security deed
put the responsibility on them to pay the loan.  Mortensen Dep.
41:2-4.  Under the terms of the security deed, BOA has the right
to collect monthly payments of principal and interest from the
Mortensens.  Mortensen Dep. 66:2-6.  If the Mortensens did not
pay a monthly payment, then that payment was still owed to BOA.
*Id.* at 66:7-10.  Nothing in the security deed entitled the
Mortensens to a loan modification or principal reduction.  *Id.*
at 41:7-13.  The Mortensens understood that under the security
deed, BOA had a right to foreclose on the Property if they
defaulted on the loan.  *Id.* at 41:14-18.

The Mortensens made their last mortgage payment to BOA in
September 2008.  *Id.* at 56:5-7; Howe Aff. ¶ 9.  In mid-October
2008, the Mortensens contacted BOA to discuss a reverse mortgage

and loan modification with BOA.   Mortensen Dep. 51:8-22.   A
licensed mortgage broker at BOA told Mr. Mortensen to call a
different department at BOA to discuss his options.   *Id.* at
52:6-10, 53:6-15.   Mr. Mortensen called the department and was
told by a BOA representative that "[w]e don't have any
forbearance programs and you have to be delinquent on your
mortgage before we can talk to you."   *Id.* at 53:17-25.   BOA does
not offer modification or forbearance options to borrowers who
are current on their mortgages.   Howe Aff. ¶ 17.   Instead, BOA
considers actions taken on current mortgages to be refinances.
*Id.*   The Mortensens did not attempt to refinance the Property.
Mortensen Dep. 55:17-56:1.

The Mortensens did not pay the mortgage payment to BOA in
October 2008 and then "waited for 60 days for it to be in
default."   *Id.* at 58:22-25.   They could have paid the mortgage
from the time they stopped paying in October 2008 to the
present, but they chose not to pay.   *Id.* at 63:25-64:13.

In 2008, the Mortensens owned seven properties, including
the Property, and the mortgages on those properties are now in
various stages of default and modification.   *Id.* at 23:20-32:2.
After the Mortensens made attempts to discuss forbearance and
modification options with the banks holding the mortgages on
their other properties as they did with BOA, the Mortensens also
stopped paying the mortgages on those properties in October

2008.  *Id.* at 59:1-9.  Those banks gave the Mortensens the same response as BOA: a borrower cannot receive a loan modification if the mortgage is paid current.  *Id.* at 59:10-13.  Mr. Mortensen said that he "had to default on all the mortgages" because "[i]t was that or not talk to them about a modification."  *Id.* at 65:13-21.  He admits that defaulting was not his only option.  *Id.* at 65:21-22.

BOA never promised the Mortensens a loan modification or principal reduction if they defaulted on the loan.  *Id.* at 57:21-58:3, 61:9-11.  Despite their conversations with BOA and other banks, the Mortensens believed they were entitled to a loan modification when the Property mortgage went into default in October 2008.  *Id.* at 59:14-17.  The Mortensens believed they were entitled to a loan modification because of "the chain of events" that occurred prior to them defaulting on the loan.  *Id.* at 59:18-22.  These events included the receipt of a Wall Street Journal article via telefax from a banker at BOA.  *Id.* at 59:20-22.  The article states that "If you are in deep trouble on your mortgage, the new housing rescue package may offer you an almost unbelievable second chance."  Mortensen Dep. Ex. 2, Brett Arends, *Rescue Package Contains Loophole that Could Help You Keep Profits*, Wall St. J., July 28, 2008, ECF No. 49-4, at 8 of 29 [hereinafter Article].  The article further gives advice on how to "keep your home, slash your loan balance—and refinance at

cheaper rates" and lists some requirements for achieving these goals. *Id.* Mr. Mortensen thought that this article applied to all of his properties, but he acknowledged that the article says the package "may" help and that some people will not be eligible for the program. Mortensen Dep. 59:23-60:8.

In addition to the article, Mr. Mortensen's expectations of receiving a modification relied on three 2008 speeches by President George W. Bush discussing TARP (Troubled Asset Relief Program) monies. *Id.* at 60:12-17. Mr. Mortensen stated that those speeches coupled with the article gave him expectations of receiving a modification after default and provided him with instructions as to how to achieve that result. *Id.* at 60:15-61:4. Finally, because of his "strong relationship with Bank of America," he "expected a little help from [his] friends." *Id.* at 61:5-8.

After allowing the mortgages to go into default, the Mortensens hired a law firm to negotiate the mortgages. *Id.* at 66:17-25. The firm was not able to obtain a modification from BOA for the mortgage on the Property. *Id.* at 67:14-24. BOA never approved the Mortensens for a mortgage modification. *Id.* at 82:10-17.

Because of the Mortensens' failure to pay the Property mortgage, BOA retained the law firm of McCalla Raymer, LLC ("foreclosure firm") to institute foreclosure proceedings on the

Property pursuant to the security deed. Howe Aff. ¶ 10. In May of 2009, BOA stayed the foreclosure proceedings on the Property for thirty days in order to review the loan for a modification. Mortensen Dep. 76:7-10; Howe Aff. ¶ 11. BOA informed the Mortensens that the hold was not permanent or a promise of a loan modification. Howe Aff. ¶ 12.

On November 4, 2009, the foreclosure firm, on behalf of BOA, sent the Mortensens a notice that because of the unpaid mortgage debt, the Property was recommended for foreclosure. BOA SMF Ex. H, Letter from McCalla Raymer, LLC, to Linda & Robert Mortensen (Nov. 4, 2009), ECF No. 45-11, at 1 of 18 [hereinafter 1st Notice]. The firm sent a second letter to the Mortensens on November 5, 2009, that contained the Notice of Sale submitted for publication in the local newspaper and stated the Property was scheduled for sale on "the first Tuesday in January, 2010." BOA SMF Ex. H, Letter from Prommis Solutions, LLC, on behalf of McCalla Raymer, LLC, to Linda and Robert Mortensen (Nov. 5, 2009), ECF No. 45-11, at 3-4 of 18 [hereinafter 2d Notice]. The Mortensens received and signed for the foreclosure notice. Mortensen Dep. 83:21-85:3; BOA SMF Ex. H, Certified Mail Receipt, ECF No. 45-11, at 17 of 18. The firm advertised the foreclosure sale of the Property. Howe Aff. ¶ 22. Despite these notices, the Mortensens rented the Property in 2009 and 2010. Mortensen Dep. 79:3-12; 90:7-9.

The Mortensens did not take any steps to reinstate the loan before foreclosure. Howe Aff. ¶ 25. The Mortensens do not want to reinstate the loan and would not have done so a year ago. Mortensen Dep. 64:25-65:6. BOA repeatedly informed the Mortensens and their counsel that collection would continue despite their attempts to obtain a loan modification or forbearance agreement. Howe Aff. ¶ 26. The non-judicial foreclosure on the Property occurred on January 5, 2010 in Greene County, Georgia. *Id.* ¶ 30. The Mortensens continue to occupy and rent the property. *Id.* ¶ 27.

DISCUSSION

The Mortensens have asserted claims against BOA under Georgia state law for fraud, misrepresentation, and wrongful foreclosure. The Mortensens also asserted claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 *et seq.* BOA seeks summary judgment on all claims. The Mortensens, who were represented by counsel, untimely filed their Response to BOA's motion for summary judgment one day late under Local Rule 7.1 expired.[4] Though BOA requests that the Court deem its motion for summary judgment unopposed, the Court

---

[4] Local Rule 7.1 requires that a response must be served within twenty-one days of service of a movant's motion and brief plus three days for service pursuant to Local Rule 6.3. The Mortensens response was due on or before August 8, 2011, but was filed on August 9, 2011. Pls.' Mem. in Opp'n to Mot. for Summ. J., ECF No. 62.

has considered the Mortensens' Response.  The Court grants BOA's motion for summary judgment for the following reasons.

**I.   Fraud and Misrepresentation Claims**

    A.   <u>Fraud</u>

The Mortensens claim that BOA committed fraud by falsely promising them a loan modification if they defaulted on the Property's mortgage payments.  The Mortensens further assert that BOA had the specific intent to defraud them because it instructed the Mortensens to default on the mortgage.

In Georgia, to establish fraud, the Mortensens must show: "(1) a false representation by the Bank; (2) scienter; (3) an intention to induce them to act or refrain from acting in reliance upon the representations; (4) justifiable reliance; and (5) damages." *Hicks v. Sumter Bank & Trust Co.*, 269 Ga. App. 524, 526-27, 604 S.E.2d 594, 596 (2004).  For the Mortensens' fraud claim to survive summary judgment, "there must be some evidence from which a jury could find each element of the tort." *Copeland v. Home Sav. of Am.*, 209 Ga. App. 173, 174, 433 S.E.2d 327, 328 (1993).

The Mortensens cannot establish the first element.  They did not point to any evidence showing that BOA promised them a loan modification if they defaulted, nor have they produced evidence that BOA instructed them to default on the mortgage. The Mortensens admit that BOA never promised them a loan

11

modification or principal reduction.  Mortensen Dep. 61:9-11.
They also understood that no provision of the loan documents,
including the security deed, entitled them to a principal
reduction or a loan modification.  *Id.* at 41:7-13.  Further,
they understood that BOA could foreclose on the Property if the
mortgage went into default.  *Id.* at 41:14-18.  Therefore, the
undisputed facts show that BOA made no promise or false
representation of loan modification.

The Mortensens also contend that BOA told them to default
on the mortgage in order to seek a loan modification.  The
Mortensens, however, have pointed to no evidence supporting this
assertion.  Mr. Mortensen stated that BOA instructed him to
default and as evidence pointed to the following: (1) a BOA
representative told him that BOA could not discuss loan
modification unless a borrower is "delinquent on [his]
mortgage"; (2) a BOA banker sent him a Wall Street Journal
article discussing federal recovery plans and mortgages; and (3)
several speeches made by President George W. Bush.  Mortensen
Dep. 53:17-25, 59:20-61:4; Pls.' Mem. in Opp'n to Mot. for Summ.
J. 9-10, ECF No. 62 [hereinafter Pls.' Mem.].

The conversation with the BOA banker did not constitute
instructions to default.  BOA truthfully, in keeping with its
policies, informed the Mortensens that it would not discuss loan
modification options unless a loan was in default.  Howe Aff. ¶

17; Mortensen Dep. 53:17-25.  The article, which was not written or altered by BOA, and President Bush's speeches did not provide instructions on how to achieve a loan modification or specifically instruct the Mortensens to default.  Nothing in the article addressed the Mortensens' financial situation at that time or the mortgage on the Property.  Instead, the article explicitly states that a borrower must be able to "swear that [he is] genuinely in trouble" and that the package does not apply to those who are "just throwing [themselves] upon the mercy of the rescue package as a ploy."  Article at 2 of 3.

The Mortensens also assert that when BOA stayed the foreclosure proceedings for thirty days in May 2009, they thought that the hold was "to allow for the good faith completion of the loan modification submission."[5]  Pls.' Mem. 10. They, however, point to no evidence that contradicts BOA's assertion that this was merely a review period, Howe Aff. ¶ 11, or to any evidence of bad faith by BOA.  The Mortensens confirm that BOA never promised them a loan modification.  Mortensen Dep. 61:9-11.

---

[5] The Mortensens advance other arguments of disputed facts in their Response that the Court finds do not create a genuine dispute of *material* fact because they do not go to "the essential elements that the [Mortensens] must prove at trial."  *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011).

The Mortensens cannot meet the first element for a fraud claim because they have pointed to no false representation made by BOA.  Failing to meet even the first element of the tort, the Mortensens' fraud claim fails as a matter of law, and the Court grants summary judgment to BOA on this claim.

B.   Conspiracy to Commit Fraud

The Mortensens also claim that BOA conspired with unnamed and unidentified defendants to commit fraud against them.  "To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort.  Absent the underlying tort, there can be no liability for civil conspiracy." *Jenkins v. Wachovia Bank, Nat'l Ass'n*, 309 Ga. App. 562, 567, 711 S.E.2d 80, 85 (2011).  Therefore, because the fraud claim fails, the Mortensens' conspiracy claim fails.  The Court grants summary judgment to BOA on this claim.

C.   Fraudulent Inducement

The Mortensens also allege a claim for fraudulent inducement.  They do not claim that Defendant fraudulently induced them to enter into the loan and related loan agreements, but instead they maintain that BOA "fraudulently induced [them] to *breach* their loan mortgage contract all the while claiming that said *breach* was necessary in order to consider a loan modification."  Am. Compl. ¶ 25, ECF No. 42 (emphasis added).

14

BOA construes this as a claim for tortious interference with contract. The Court, however, concludes that based on their Amended Complaint, the Mortensens are attempting to assert a claim for fraudulent inducement to *breach* a contract.

The elements of a claim of fraudulent inducement under Georgia law are the same five elements as a claim for fraud. *JarAllah v. Schoen*, 243 Ga. App. 402, 403-04, 531 S.E.2d 778, 780 (2000). Just as the Mortensens failed to put forth evidence creating a genuine dispute on their fraud claim, they failed to present evidence to create a genuine dispute on their fraudulent inducement to breach the loan contract claim. Therefore, the Court grants BOA's motion for summary judgment as to this claim.

D.   Negligent and Intentional Misrepresentation

The Mortensens also assert claims of negligent and intentional misrepresentation against BOA. The Mortensens claim that BOA misrepresented certain facts, resulting in transactions that were disadvantageous to the Mortensens. Am. Compl. ¶¶ 28-31, 35-39. In Georgia, "[t]he same principles apply to both fraud and negligent misrepresentation." *Anderson v. Atlanta Comm. for the Olympic Games, Inc.*, 261 Ga. App. 895, 900, 584 S.E.2d 16, 21 (2003).

BOA contends, and the Court agrees, that the Mortensens' misrepresentation claims fail because the Mortensens have failed to show that BOA supplied false information to them. *See*

O.C.G.A. § 51-6-2 (requiring a misrepresentation or concealment of fact with intent to deceive for an action involving deceit); *Smiley v. S & J Invs., Inc.*, 260 Ga. App. 493, 498, 580 S.E.2d 283, 288 (2003) (requiring as an element of negligent misrepresentation that a defendant submit false information). As detailed above, the Mortensens have not pointed to any false representation made to them by BOA.  Without a misrepresentation, the Mortensens' intentional and negligent misrepresentation claims fail as a matter of law.  Accordingly, the Court grants BOA's motion for summary judgment as to these claims.

## II.  Fair Credit Reporting Act Claim

The Mortensens also assert a claim that BOA violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by knowingly and falsely reporting to credit reporting agencies that the Mortensens were delinquent on their loan obligations and then failing to correct that report.  The FCRA requires furnishers of information to submit accurate information to consumer reporting agencies and to correct any known inaccurate information that has been furnished.  15 U.S.C. § 1681s-2(a). The Eleventh Circuit has affirmed that the FCRA "does not provide a private right of action to redress . . . a violation" of § 1681s-2(a).  *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008) (per curiam).  The FCRA leaves enforcement of

this subsection to government agencies and officials.  15 U.S.C. § 1681s-2(c)(1), (d); *accord Chipka v. Bank of Am.*, 355 F. App'x 380, 383 (11th Cir. 2009) (per curiam).  Because as a matter of law the Mortensens have no private right of action against BOA under § 1681s-2(a), the Court grants BOA's motion for summary judgment as to the Mortensens' FCRA claim.

## III. Defamation & False Light

The Mortensens further assert Georgia state law claims for defamation and false light based upon BOA "making false statements to the credit reporting agencies." Am. Compl. ¶ 51-68.  False light is a recognized invasion of privacy under Georgia law.  *Benedict v. State Farm Bank*, 309 Ga. App. 133, 136 n.3, 709 S.E.2d 314, 317 n.3 (2011).  The FCRA, 15 U.S.C. § 1681h(e), protects companies who furnish information to consumer reporting agencies pursuant to the FCRA from state law defamation and invasion of privacy claims "unless the information it provided was both false and also given with the malicious or willful intent to damage the consumer." *Lofton-Taylor v. Verizon Wireless*, 262 F. App'x 999, 1002 (11th Cir. 2008) (per curiam).

The Mortensens have not proven that BOA reported false information to any consumer reporting agencies.  The Mortensens admit that they last paid mortgage payment on the Property in September 2008.  Mortensen Dep. 56:5-7.  They admit that they

could have paid this payment and all payments to the present, but chose not to do so. *Id.* at 63:25-64:13. Further, the Mortensens admit that they did not pay the October 2008 mortgage payment and "waited for 60 days for [the loan] to be in default." *Id.* at 58:22-25. Finally, they admit that they were in default at the time of the foreclosure. *Id.* at 100:18-20. The Mortensens do not specify any other false statements that BOA made to the credit agencies. *Id.* at 99:22-24. Any information BOA furnished to credit reporting agencies regarding the Mortensens' default and foreclosure on the Property were true. Based on these facts, the Court finds that the Mortensens failed to prove the required element of falsity. Therefore, the FCRA preempts the Mortensens' defamation and false light claims, and the Court grants BOA's motion for summary judgment as to those claims.

## IV. Wrongful Foreclosure

The Mortensens also assert a claim for wrongful foreclosure, alleging that BOA sold the Property without proper statutory notification of the sale. Notice of the sale must be given in accordance with O.C.G.A. § 44-14-162.2. O.C.G.A. § 44-14-162(a). The statute requires that before initiating foreclosure proceedings, the foreclosing party must provide notice to the debtor at least thirty days prior to the proposed

date of foreclosure.  O.C.G.A. § 44-14-162.2(a).  Under the statute:

> Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

*Id.*

BOA complied with the notice requirements before initiating foreclosure on the Property.  First, on November 4, 2009, BOA sent written notice to the Mortensens at the Property's address stating that the Property mortgage had been referred for foreclosure.  1st Notice.  Second, BOA sent a notice of the foreclosure sale to the Property address and to the Mortensens' primary residence that specified BOA as the foreclosing party by name, address, and telephone number.  2d Notice at 4 & 10 of 18. This notice stated that the sale would occur on the first Tuesday in January, 2010, and also included the notice of sale for publication.  *Id.* at 4 & 6 of 18.  These notices were sent by certified mail and signed for by the Mortensens.  Mortensen Dep. 83:21-85:3; *see, e.g.*, Certified Mail Receipt.  Based on these undisputed facts, the Court finds that BOA gave proper statutory notification of the foreclosure sale to the Mortensens.  Therefore, the Court grants BOA's motion for

summary judgment as to the Mortensens' wrongful state foreclosure claim.

## V.   Florida Deceptive and Unfair Trade Practices Act Claim

In addition to their Georgia state law claims, the Mortensens also claim that BOA's conduct "was deceptive and unfair" in violation of the Florida Deceptive and Unfair Trade Practices Act ("Act"), Fla. Stat. § 501.204 *et seq.* Am. Compl. ¶ 43-46. The Mortensens fail to demonstrate why Florida law would apply to this action and what specific provision of the Act BOA allegedly violated. The Court finds that the Mortensens have failed to show that a genuine factual dispute exists as to this claim, and, therefore, grants BOA's motion for summary judgment as to this claim.

CONCLUSION

For the reasons set forth above, the Court grants BOA's motion for summary judgment as to all claims. Having granted that motion without relying on Defendants' Requests for Admissions, to which the Mortensens did not respond, the Mortensens' Motion to Allow Late Response and Filing of Requests for Admissions (ECF No. 50) is moot. Further, BOA's Motion to Quash (ECF No. 67) is also moot. BOA is entitled to judgment as a matter of law as to all claims.

IT IS SO ORDERED, this 17th day of November, 2011.


                              s/Clay D. Land
                              CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE