IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ROBERT MORTENSEN and LINDA MORTENSEN,<br><br>   Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>   Defendants. | *<br>*<br>*<br>*   CASE NO. 3:10-CV-00013 (CDL)<br>*<br>*<br>*<br>* |

O R D E R

After the Court granted Defendant Bank of America's Motion for Summary Judgment (ECF No. 68), Plaintiffs Robert and Linda Mortensen filed a Motion for Reconsideration of that Order. Pls.' Am. Mot. for Recons., ECF No. 70.  For the following reasons, the motion is denied.

DISCUSSION

The Eleventh Circuit has recognized that reconsideration is justified where there is: (1) new evidence; (2) an intervening change or development in controlling law; and (3) the need to correct the court's clear error or manifest injustice.  *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (per curiam). Since the Mortensens have failed to establish any of these grounds for reconsideration, their motion must be denied.

**I.   The Court Addressed Plaintiffs' Eleventh Cause of Action**

As the basis for their motion, the Mortensens contend that the Court did not address their Eleventh Cause of Action. This claim asserts that a dispute exists as to who owns the property at issue in the case ("the property") and seeks declaratory and injunctive relief. Am. Compl. ¶¶ 74-75, ECF No. 42. The Court in its Order granting summary judgment addressed this claim in two ways.

First, to decide Bank of America's ("BOA") summary judgment motion, the Court reviewed the record to "determine if there [was], indeed, no genuine issue of material fact." *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (alteration in original) (internal quotation marks omitted). The Court found no disputed material facts. The facts showed that the security deed to the property lists BOA as the lender and the Mortensens as the borrowers. *Mortensen v. Bank of America, N.A.*, No. 3:10-CV-13 (CDL), 2011 WL 5593810, at *2 (M.D. Ga. Nov. 17, 2011) (citing R. Mortensen Dep. Ex. 3, Security Deed, ECF No. 49-4 at 11 of 29). Further, BOA never assigned the note or the security deed to the property. *Id.* (citing Defs.' Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried, ECF No. 45-2 [hereinafter BOA's SMF] Ex. E, Howe Aff. ¶ 3, ECF No. 45-7). The Mortensens also understood that under the security deed securing the note to the property, BOA was the lender and had a

2

right to foreclose on the property if the Mortensens defaulted on the loan. *Id.* (citing R. Mortensen Dep. 41:14-18, ECF No. 49).

Second, the Court evaluated BOA's foreclosure on the property. The Mortensens' complaint alleged wrongful foreclosure only on the basis that the "Defendants sold the property without proper statutory notification of the sale." Am. Compl. ¶ 70. BOA exercised its right of foreclosure conveyed by the security deed. *See* O.C.G.A. §§ 44-14-162 to -162.4 (Georgia law authorizes the secured creditor, the holder of the obligation, to exercise a power of sale); Security Deed ¶ 22. The Court found no wrongful foreclosure occurred. Under clear Georgia law, after BOA foreclosed, BOA acquired title to the property, and the Mortensens no longer retained legal title or an ownership interest in the property. *N.W. Carpets, Inc. v. First Nat'l Bank of Chatsworth*, 280 Ga. 535, 537, 630 S.E.2d 407, 409 (2006). Because the foreclosure was proper, there was no dispute that BOA was the actual owner of the property. Therefore, no dispute as to who the actual owner of the property is remained to be decided, and the Mortensens were not entitled to relief under their Eleventh Cause of Action.

**II. The Plaintiffs' Remaining Contentions Fail to Justify Reconsideration**

In addition to seeking reconsideration of their Eleventh Cause of Action, the Mortensens make three main assertions discussed in turn below. The Court observes that the Mortensens seem to acknowledge their confusion as to the propriety of their claims when they state: "In retrospect, the Plaintiff appears to have sued the wrong party." Pls.' Am. Mot. for Recons. at 7. Sensing the Mortensens' confusion, the Court will explain why each of the Mortensens' remaining contentions does not justify reconsideration.

First, although it was not pled in their Complaint, the Mortensens argue that BOA "was not and is not a real party in interest, and did not have standing . . . to undertake the state foreclosure proceeding." *Id.* at 2. As discussed above, under Georgia law BOA as the holder of the security deed can exercise a power of sale on the secured property. *See* O.C.G.A. §§ 44-14-162 to -162.4.

Second, the Mortensens assert that they have "indisputable evidence that Freddie Mac was and is the owner of this loan, not BOA." Pls.' Am. Mot. for Recons. at 2. The Mortensens, however, have not pointed to any competent evidence that supports this bald assertion. Thus, the Mortensens have not presented new evidence to authorize reconsideration.

Third, the Mortensens claim they have recently acquired facts to support their contentions and that they were attempting to collect those facts at the time the Court entered summary judgment.  *Id.*  The Mortensens did not raise this argument in response to BOA's summary judgment motion or by way of an affidavit under Federal Rule of Civil Procedure 56(d), and they cannot properly raise it in their motion for reconsideration. "A motion for reconsideration cannot be used to . . . raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted).

## CONCLUSION

Based on the forgoing, the Mortensens' Motion for Reconsideration (ECF No. 70) is denied.  The Mortensens' Motion to Stay Response to Defendant's Motion for Attorney's Fees (ECF No. 75) is now moot.  The Mortensens shall file their response to Defendant's Motion for Attorney's Fees (ECF No. 73) on or before January 19, 2012.

IT IS SO ORDERED, this 23rd day of December, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE