```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION
```

ROBERT MORTENSEN and LINDA *
MORTENSEN,
                                    *
    Plaintiffs,
                                    *
vs.                                          CASE NO. 3:10-CV-13 (CDL)
                                    *
BANK OF AMERICA, N.A.,
                                    *
    Defendant.
                                    *

## O R D E R

After the Court granted summary judgment in favor of Defendant Bank of America, N.A. ("BOA") and denied the Plaintiffs' motion for reconsideration of that order, the Clerk of Court taxed costs against Plaintiffs Robert and Linda Mortensen ("Plaintiffs" or "the Mortensens") in the amount of $1,358.86 (ECF No. 87). The Court must now decide whether BOA should also recover its attorney's fees pursuant to Federal Rule of Civil Procedure 11, whether those fees should be assessed against Plaintiffs' attorneys, and whether the costs in this action should also be assessed against Plaintiffs' attorneys instead of Plaintiffs. For the reasons set forth below, BOA's Motion for Attorney's Fees and Expenses (ECF No. 73) is granted. BOA is awarded attorney's fees to be paid by Plaintiffs' counsel, Henry N. Portner and Kristine R. Tarrer, in the amount of $17,646.50. The Court also finds that BOA should recover its

costs in the amount of $1,358.86, as previously determined by the Clerk, with $1,354.56 of the costs assessed against Mr. Portner and Ms. Tarrer, and $4.30 assessed against Plaintiffs.

DISCUSSION

BOA seeks to recover its attorney's fees and expenses pursuant to Federal Rule of Civil Procedure 11 ("Rule 11").[1] Def.'s Mot. for Att'ys Fees & Expenses ¶¶ 11-12, ECF No. 73; Def.'s Reply in Supp. of Mot. for Atty's Fees & Expenses 4-7, ECF No. 83. Any suggestion by the Mortensons that BOA does not rely on Rule 11 as a basis for recovering its attorney's fees is not supported by the record. Therefore, the Court will analyze whether BOA should recover its attorney's fees and expenses under Rule 11. Preliminarily, the Court finds that the amount of costs taxed by the Clerk against the Plaintiffs, $1,358.86, is supported by the record and authorized under the applicable law. Therefore, the Court does not disturb that amount. However, as explained in the following discussion, the Court finds that most of those costs should be borne by Plaintiffs' counsel pursuant to Rule 11.

---

[1] BOA alternatively contends it is entitled to attorney's fees under the note and the security agreement for the mortgage that formed the basis for this lawsuit. Because BOA did not sue to enforce these instruments in this action, the attorney's fees provisions in those documents are not enforceable here. O.C.G.A. § 13-1-11; *Boddy Enters., Inc. v. City of Atlanta*, 171 Ga. App. 551, 553, 320 S.E.2d 374, 375-76 (1984).

2

**I.   The Recoverability of Attorney's Fees and Expenses**

BOA argues that the Mortensens' claims had no basis in law or fact, and therefore, BOA should be awarded its attorney's fees and expenses.  Under Rule 11, an attorney who presents a pleading to a court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b).  "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."[2]  Fed. R. Civ. P. 11(c)(1).

The Eleventh Circuit Court of Appeals has held that three types of conduct warrant Rule 11 sanctions: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that

---

[2] "The court must not impose a monetary sanction . . . against a represented party for violating Rule 11(b)(2)[.]"  Fed. R. Civ. P. 11(c)(5)(A).

3

has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Jones v. Int'l Riding Helmets, Ltd.,* 49 F.3d 692, 694 (11th Cir. 1995) (internal quotation marks omitted). The goal of Rule 11 sanctions in the context of a frivolous complaint is to deter the filing of frivolous claims while not chilling the attorney's legitimate "enthusiasm or creativity in pursuing factual or legal theories." *McGinnis v. Ingram Equip. Co.*, 918 F.2d 1491, 1496 (11th Cir. 1990) (internal quotation marks omitted).

> In th[e] [Eleventh] [C]ircuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous-in view of the facts or law-and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound.

*Jones,* 49 F.3d at 695 (citations omitted).

Preliminarily, it is clear that BOA gave counsel for the Mortensens ample opportunity to withdraw the Mortensens' claims. On October 27, 2010, BOA's counsel sent the Mortensens' counsel a letter pursuant to Rule 11, requesting that the Mortensens dismiss the action against BOA because clear evidence established that BOA had defenses that barred the claims against

4

it and that the Mortensens' allegations in their Complaint were deficient and only designed to delay foreclosure of the defaulted property. Def.'s Mot. for Attorney's Fees & Expenses Attach. 1, Certification in Supp. of Bank of Am., N.A.'s Mot. for Att'ys Fees & Expenses [hereinafter Gilroy Certification] Ex. A., Letter from T. Trumble to H. Portner & K. Tarrer (Oct. 27, 2010), ECF No. 73-2. BOA stated that the evidence established that the Mortensens did not have a right to a loan modification and, in spite of BOA's requests, the Mortensens' counsel failed to provide evidence of any wrongdoing by BOA. *Id.* at 3. Despite BOA's counsel's request for the Mortensens to voluntarily dismiss their claims against BOA, the Mortensens' counsel did not do so.

On February 1, 2011, BOA sent the Mortensens' counsel another Rule 11 letter requesting that they dismiss the meritless lawsuit. Gilroy Certification Ex. B., Letter from T. Trumble to H. Portner & K. Tarrer (Feb. 1, 2011) at 3, ECF NO. 73-3 ("Regardless of numerous requests, you have failed to provide any documentation or evidence that demonstrates Bank of America's failure to properly follow the terms of the BOA Security Deed and failed to properly follow Georgia law as to the foreclosure procedure."). In the letter, BOA's counsel referred to the Southern District of Alabama's order in a similar case brought by the Mortensens against BOA that

5

dismissed all claims, finding that BOA was under no duty to modify the Mortensens' loan and the Mortensens' "fraud-based claims cross the borders of absurdity." *Id.* at 2; *see also id* at 3 ("[Y]ou have filed a second Amended Complaint that completely misstates the testimony of Mr. Wilson and reiterates the same claims made in the dismissed Alabama lawsuit."). The Mortensens' counsel again ignored BOA's request and did not dismiss the action against BOA.

On February 24, 2011, BOA's counsel reiterated its objection to the lawsuit and the Mortensens' counsel's failure to answer the prior Rule 11 letters. Gilroy Certification Ex. C., Letter from T. Trumble to H. Portner & K. Tarrer (Feb. 24, 2011), ECF No. 73-4. Despite this letter's final request for dismissal of the action, the Mortensens' counsel did not dismiss it.

After giving the Mortensens' counsel ample time to evaluate their clients' claims and hearing no response to the Rule 11 letters, BOA filed its summary judgment motion on July 15, 2011.[3] Mot. for Summ. J., ECF No. 45. The Court granted BOA's summary judgment motion, *Mortensen v. Bank of Am., N.A.*, No. 3:10-CV-13

---

[3] Prior to filing a Rule 11 sanctions motion, the moving party must comply with the "safe harbor" provision in Rule 11(c)(2), requiring the moving party to provide twenty-one days' notice to the opposing party of the challenged conduct. *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010) (recognizing that Rule 11(c)(2)'s "safe harbor" provision allows "an attorney who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions.").

6

(CDL), 2011 WL 5593810 (M.D. Ga. Nov. 17, 2011) [hereinafter Summ. J. Order], and denied reconsideration of that order, *Mortensen v. Bank of Am., N.A.*, No. 3:10-CV-13 (CDL), 2011 WL 6740742 (M.D. Ga. Dec. 23, 2011).

The Court finds that the Mortensens' action against BOA was objectively frivolous. To establish liability for their claims of fraud, conspiracy to commit fraud, fraudulent inducement, and misrepresentation under Georgia law, the Mortensens were required to show a false representation by BOA. The Mortensens did not point to any evidence showing that BOA made any false representation, and in fact they admitted in their depositions that BOA never promised them a loan modification orally or via the loan documents, contradicting the alleged basis for their action. *See* Summ. J. Order at *5-*7. Additionally, the Mortensens asserted a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, specifically § 1681s-2(a), which does not provide a private right of action under the circumstances in this case. *See* Summ. J. Order at *7. The Mortensens also pursued a claim for defamation and false light based on BOA's alleged false statements to credit reporting agencies, but they failed to produce any evidence that BOA mad any false statements to the agencies. *See id.* Next, the Mortensens made a claim for wrongful foreclosure alleging that BOA did not comply with the Georgia foreclosure notice requirements, yet evidence showed

7

that BOA provided written notice in compliance with Georgia law, and the Mortensens even signed for these notices when they received them via certified mail. *See id.* at *8. Finally, the Mortensens threw in a claim under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 *et seq.*, without asserting why Florida law applies to this action and what provision BOA allegedly violated. *See* Summ. J. Order at *8. Moreover, in their motion for reconsideration, the Mortensens acknowledged their own uncertainty as to the propriety of their claims against BOA when they stated, "In retrospect, the Plaintiff appears to have sued the wrong party." Pls.' Am. Mot. for Recons. 7, ECF No. 70.

The Court finds that the Mortensens' counsel knew, or certainly should have known, from the outset that no plausible factual or legal basis existed for the claims they asserted against BOA. Even if the Mortensens' counsel was somehow justified in filing the action against BOA originally, with the expectation that discovery would confirm BOA's liability, during discovery counsel could have easily determined with minimal diligence that Plaintiffs' claims lacked merit. Counsel apparently did not reach that conclusion until their motion for reconsideration. Moreover, after being notified three times that no basis existed for the frivolous action, counsel still did not dismiss this case.

Based on the foregoing, the Court finds that Rule 11 sanctions are required in this case. Sanctions in this case will be imposed solely on Mr. Portner and Ms. Tarrer, as counsel for the Mortensens, and not on the Mortensens themselves. *See* Fed. R. Civ. P. 11(c)(5)(A) ("The court must not impose a monetary sanction . . . against a represented party for violating Rule 11(b)(2)"). Accordingly, the Court finds the following sanction appropriate: Mortensens' counsel shall pay BOA's reasonable fees and expenses incurred after October 27, 2010, the date BOA first put Mortensens' counsel on notice that it would seek Rule 11 sanctions if they did not dismiss the action.[4] The Court will next address the amount of the sanctions.

## II. The Amount of Attorney's Fees and Expenses[5]

BOA has submitted a detailed accounting of its attorney's fees that provides the date, the timekeeper, the time recorded, and a description of the activity as required by Local Rule

---

[4] Federal Rule of Civil Procedure 11(c)(4) provides:
   A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

[5] As previously noted, the Court finds that the amount of the costs taxed by the Clerk, $1,358.86, is appropriate; however, the Court determines that those costs incurred after October 27, 2010, which amounts to $1,354.56, shall be paid by Plaintiff's counsel pursuant to Rule 11, and Plaintiff shall only be responsible for the costs before October 27, 2010 pursuant to Rule 54(d)(1), which amount is $4.30. The Court makes no additional award of costs pursuant to Rule 11.

9

54.1.  Gilroy Certification ¶¶ 12-20; Gilroy Certification Ex. D, Itemized Bills, ECF No. 73-5.  *See* M.D. Ga. R. 54.1.  BOA's submissions reflect more than $33,000 in fees incurred to defend this frivolous action.  Those fees are based on the following hourly rates:  $195 per hour for attorney time and $145 per hour for paralegal time.[6]  The Court has reviewed the following: BOA's billing statements; counsel's affidavit in support of attorney's fees and litigation expenses, Bill of Costs Attach 1. Gilroy Aff., ECF No. 76-1; counsel's certification; and the Mortensens' response to BOA's motion.

A Court may award attorney's fees solely by looking to the record.  *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  To set the amount of recoverable attorney's fees, the Court must first determine a lodestar, which "is determined by multiplication of a reasonable hourly rate times hours reasonably expended."  *Id.* at 1302.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Id.* at 1299.  Reasonable hours are presented when the fee applicant exercises "'billing judgment'" and excludes any "'excessive,

---

[6] Work by paralegals is recoverable as part of an attorney's fees award only to the extent that the paralegal performs work traditionally done by an attorney.  *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). The descriptions for the work performed by the paralegals in this case meet this standard.

redundant or otherwise unnecessary'" hours from the amount sought. *Id.* at 1301 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983)).

The Mortensens have not challenged the reasonableness of the attorney's fees, and the Court finds that the amount of fees sought in this case is reasonable and supported by the record. The lodestar for fees after October 27, 2010 is $17,646.50. The Court finds no basis for reducing BOA's reasonable fees, particularly given BOA's success on all counts. *See Hensley*, 461 U.S. at 435 ("Where [the party] has obtained excellent results, his attorney should recover a fully compensatory fee.").

In sum, the Court finds that under the circumstances in this case, Mr. Portner and Ms. Tarrer shall pay BOA $19,001.06, which includes $17,646.50 in attorney's fees and $1,354.56 in costs incurred after October 27, 2010, as reasonable fees and expenses attributable to Mr. Portner and Ms. Tarrer's sanctionable conduct.

## CONCLUSION

For the forgoing reasons, BOA's Motion for Attorney's Fees and Expenses (ECF No. 73) is granted to the extent provided for in this Order. The Clerk is directed to amend the Judgment to reflect that BOA shall recover attorney's fees and costs in the amount of $19,001.06 against Henry N. Portner and Kristine R.

Tarrer, jointly and individually, and that BOA shall recover costs against Plaintiffs, the Mortensens, in the amount of $4.30, jointly and individually.[7]

IT IS SO ORDERED, this 24th day of April, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[7] The Court makes the award directly to BOA, instead of its attorneys under the assumption that BOA has either paid those fees and expenses or is obligated to pay them.